UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMON CRUZ,

                       Petitioner,

        -v-

D. UHLER,

                       Respondent.

16-CV-8852 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

     This is a habeas corpus case brought by a state inmate. Petitioner Ramon Cruz was convicted of rape, assault, and robbery, and is serving a 15-year prison sentence. Proceeding *pro se*, he argues (1) that his rights to a speedy trial were violated, and (2) that, as a first-time offender, his sentence is excessive. For the reasons that follow, the petition is denied.

**I.    Background**

     In 2010, Cruz and two others were indicted in New York state court for the assault, robbery, and rape of a woman in Cruz's Manhattan apartment.

     Eleven months later, while awaiting trial, Cruz moved to dismiss the indictment, claiming that the State violated New York Criminal Procedure Law § 30.30, which mandates that trial take place within six months of indictment. The issue was whether the time spent waiting for DNA analysis should have been included in the six-month calculation. The trial court denied Cruz's motion, and the case proceeded to trial. (Dkt. No. 16 ("S.R.") at 1, 29.)

     In 2012, a jury convicted Cruz of two counts of first-degree rape, two counts of first-degree criminal sexual acts, one count of second-degree robbery, and one count of second-degree assault. (Dkt. No. 15 at 8–9.) He was sentenced to a total of 15 years' imprisonment. (*Id.* at 9.)

1

After his conviction, Cruz, represented by counsel, appealed the speedy-trial issue to the Appellate Division, which affirmed. (S.R. at 170–71.) The New York Court of Appeals denied leave to appeal further. (S.R. at 185.) This habeas petition followed.

## II.     Legal Standard

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "Once a claim has been 'adjudicated on the merits' by the state court," federal habeas review of a state court decision "is subject to the deferential standard" set out in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *See Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006). Under AEDPA, a writ of habeas corpus cannot be granted unless the state court's decision on the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA standard is "difficult to meet," and requires "that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (first quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011), second quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002)) (internal quotation marks omitted).

## III.    Discussion

Cruz raises two claims: that his speedy-trial rights were violated, and that his sentence was excessive. Each is discussed in turn.

### A. Speedy Trial

Cruz claims that the state court denied him the right to a speedy trial. But before the Court may address merits of Cruz's claims, it must first ensure that he has met AEDPA's procedural requirements.

Throughout this procedural analysis, it is important to keep in mind that Cruz's claim on habeas can rest only on his *federal* speedy-trial rights. Even if his state speedy-trial rights were violated, that is not a ground for federal habeas relief. *See Cadilla v. Johnson*, 119 F. Supp. 2d 366, 374 (S.D.N.Y. 2000) ("Because C.P.L. § 30.30 is merely a state law provision requiring the prosecution to be ready for trial, a § 30.30 claim does not raise a federal constitutional claim.").

#### 1. Exhaustion

Cruz's main hurdle is the exhaustion requirement. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (citation and internal quotation marks omitted). Accordingly, "the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Id.* at 29 (quoting *Duncan*, 513 U.S. at 365–66) (internal quotation marks omitted).

There are two components to the exhaustion requirement: (1) the petitioner must have fairly presented to an appropriate state court the same federal constitutional claim that he now urges upon the federal courts, and (2) the petitioner must have utilized all available mechanisms to secure state appellate review of the denial of that claim. *See Parrish v. Lee*, No. 10 Civ. 8708, 2015 WL 7302762, at *6–7 (S.D.N.Y. Nov. 18, 2015) (collecting cases).

3

The sticking point here is the first component. The State correctly points out that Cruz's arguments in the state courts relied solely on state law, not federal law. Cruz's brief focuses almost exclusively on New York statutory law. There are three scattered citations to the U.S. Constitution,[1] but they are just that—citations without actual discussion. The first citation comes in the question presented, which frames the question as:

> Whether the court erred in denying Cruz's C.P.L. §30.30 dismissal motion where it did not charge the prosecution for i) nine months spent on unnecessary DNA testing though the prosecution failed to act with due diligence to obtain the results in a timely manner, or ii) three post-motion adjournments because the court claimed, in direct contravention with People v. Wells, 24 N.Y.3d 971 (2014), that the adjournments were per se excludable without any showing that the delays were reasonable or related to the motions. U.S. Const. Amend. XIV; N.Y. Const. Art. I, § 6.

(S.R. at 39.). The next citation comes in the form of a heading, which reads:

> THE COURT ERRED IN DENYING CRUZ'S C.P.L. § 30.30 DISMISSAL MOTION WHERE IT DID NOT CHARGE THE PROSECUTION FOR I) NINE MONTHS SPENT ON UNNECESSARY DNA TESTING THOUGH THE PROSECUTION FAILED TO ACT WITH DUE DILIGENCE TO OBTAIN THE RESULTS IN A TIMELY MANNER, OR II) THREE POST-MOTION ADJOURNMENTS BECAUSE THE COURT CLAIMED, IN DIRECT CONTRAVENTION WITH PEOPLE V. WELLS, 24 N.Y.3D 971 (2014), THAT THE ADJOURNMENTS WERE PER SE EXCLUDABLE WITHOUT ANY SHOWING THAT THE DELAYS WERE REASONABLE OR RELATED TO THE MOTIONS. U.S. CONST. AMEND. XIV; N.Y. CONST. ART. I, § 6.

(S.R. at 32, 65.) The final citation—the one that comes closest to making a federal constitutional argument—reads:

> The prosecution far exceeded the 183 days of allowable delay to be ready for trial. While the court found 116 days of chargeable time,

---

[1] There is an additional citation to the Sixth and Fourteenth Amendments, but that is in regard to an ineffective–assistance-of-counsel argument, which is not relevant here. (*See* S.R. at 84 n.17.)

4

> it erroneously excluded 70 days of delay caused by DNA testing. Contrary to the court's contention, the testing was not an exceptional circumstance. The prosecutor failed to show that the potential DNA evidence was material; alternatively, she had not acted with due diligence to obtain the results in a timely manner. Moreover, the court should have charged the prosecution with three post-motion adjournments —totaling <u>83 days</u>—since the prosecution failed to show that the adjournments were reasonable or related to the motions. Either of these periods, had they been properly charged, would have mandated dismissal. Because the prosecution failed to timely prosecute the matter, Cruz's conviction should be reversed and the charges dismissed. <u>See</u> U.S. Const., Amend. XIV; N.Y. Const., Art. I, § 6.

(S.R. at 66.)

However, the passing nature of the latter citation is evidenced by the topic sentences of the paragraphs immediately after it, which are purely about state law. The first paragraph begins: "Pursuant to C.P.L. § 30.30 (1)(a) . . . ." (*Id.*) The one after that begins: "In this case, the six-month period under C.P.L. § 30.30(1)(a) . . . ." (*Id.*) The brief continues to discuss § 30.30 in considerable detail, but makes no further mention of the U.S. Constitution. It cites dozens of state court cases, but does not cite a single federal case. It relies mostly on *People v. Wells*, 24 N.Y.3d 971 (2014), which is purely about state law, and which does not cite or discuss the U.S. Constitution or federal law. Cruz's papers seeking leave to appeal in the New York Court of Appeals similarly focus purely on state law. (*See* S.R. 172–80.)

The Court therefore concludes that Cruz's federal speedy-trial claim was not adequately raised in the state courts. *See Parrish*, 2015 WL 7302762, at *15 (collecting cases). "Courts in the Second Circuit have held that raising a N.Y. C.P.L. § 30.30 claim in state court does not exhaust a federal constitutional speedy trial claim." *Id.* at *12. Accordingly, Cruz's federal speedy-trial claim is not exhausted.

### 2. Procedural Default

Having determined that Cruz's federal speedy-trial claim is unexhausted, the Court examines whether that claim is also procedurally defaulted.

"If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, [a court] 'must deem the claim . . . procedurally defaulted.'" *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001)). In other words, if a petitioner went through the state appellate process, failed to exhaust a claim, and would be unable to raise that claim again in the state courts in the future, the claim is procedurally defaulted. This is because "[i]t would be futile to dismiss [a petitioner's] claims without prejudice to allow him to exhaust these claims because he is barred from doing so under state law, either on direct review or by collateral attack." *Parrish*, 2015 WL 7302762, at *16. The only way to escape dismissal of a procedurally defaulted claim is to show either (1) "cause for the default and prejudice" or (2) that the petitioner is "actually innocent" of the crime for which he was convicted. *Aparicio*, 269 F.3d at 90.

Thus, the issue of procedural default turns on whether Cruz would be able to raise his federal speedy-trial claim in the New York courts. "New York procedural rules bar its state courts from hearing . . . claims that could have been raised on direct appeal but were not." *Sparks v. Burge*, No. 06 Civ. 6965, 2012 WL 4479250, at *4 (S.D.N.Y. Sept. 28, 2012); *see also Newborn v. Smith*, No. 09 Civ. 4844, 2013 WL 504391, at *5 (E.D.N.Y. Feb. 7, 2013) ("New York law permits a defendant to collaterally attack a judgment of conviction obtained in violation of his constitutional rights, but requires that any such motion be denied where the defendant unjustifiably failed to raise the constitutional violation on direct appeal, despite the availability of a sufficient record." (citation omitted)).

The Court concludes that Cruz would be unable to obtain further review in state court of his federal speedy-trial claim. The reasons are identical to those in *Parrish*, which likewise dealt with a federal speedy-trial claim:

> First, Petitioner could not seek leave to appeal to the New York Court of Appeals for a second time because New York law permits only one such application. *See* N.Y. Ct. R. § 500.20(a)(2) (indicating that "only one application" for leave to appeal a criminal conviction "is available"). Second, the timeframe in which Petitioner could have sought reargument or reconsideration of the Court of Appeals' . . . denial of his application for leave to amend has long since passed. *Id.* § 500.20(d) ("Unless otherwise permitted by the assigned Judge, the reargument or reconsideration request shall be served not later than 30 days after the date of the certificate determining the application of which reargument or reconsideration is sought.") Third, Petitioner cannot now collaterally attack the conviction on these grounds because they could have been . . . raised on direct appeal.

*Parrish*, 2015 WL 7302762, at *16; *see also id.* (collecting cases). Other cases dealing with similar speedy-trial claims have reached the same conclusion. *See, e.g.*, *Robinson v. Superintendent, Green Haven Corr. Facility*, No. 09 Civ. 1904, 2012 WL 123263, at *3 (E.D.N.Y. Jan. 17, 2012); *Douglas v. Hollins*, No. 00 Civ. 7928, 2004 WL 187130, at *7 (S.D.N.Y. Jan. 29, 2004).

Although Cruz could avert procedural default by showing either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), he has made no such showing and has filed no brief. Given that this is a *pro se* petition, the Court has carefully reviewed the record and sees no grounds on which to avoid a procedural default. Cruz was represented by counsel at trial, before the Appellate Division, and before the Court of Appeals, yet his arguments focused exclusively on state law.

Accordingly, the Court deems Cruz's federal speedy-trial claims procedurally barred.

### B. Length of Sentence

Cruz's second argument is that his sentence—15 years—was too harsh, especially given that he was a first-time offender. However, "[i]t is well established that, when a sentence falls within the range prescribed by state law, the length of the sentence may not be raised as grounds for federal habeas relief." *Thomas v. Senkowski*, 968 F. Supp. 953, 956 (S.D.N.Y. 1997); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). As the State points out, Cruz's sentence falls within the range prescribed by state law for class B violent felonies, which is between five and twenty-five years. (*See* Dkt. No. 15 at 17 (citing N.Y. Penal Law § 70.02).)

Accordingly, the Court concludes that this claim is not cognizable.

### IV. Conclusion

For the foregoing reasons, Cruz's petition for a writ of habeas corpus is DENIED. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not be issued. *See* 28 U.S.C. § 2253(c)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 20, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTIES BY CHAMBERS*

8